ABRAHAM ISENBERG *vs.* SARA ROSENTHAL.

Suffolk. October 19, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Contract,* What constitutes. *Agency,* Existence of relation. *Broker. Evidence,* Presumptions and burden of proof.

At the trial of an action of contract by a real estate broker against a married woman for a commission for procuring a tenant of certain property, the title to which stood in the defendant's name, it appeared that the defendant had signed a lease of the premises in question to a certain person. The plaintiff testified that he knew the defendant and her husband very well by sight, that, about three weeks before the lease was signed, he met them and said to them "I hear you want to sell or let your building;" that he asked them if they would like to have him get a tenant, and that the defendant replied: "Yes, if my husband is willing." There was evidence that the plaintiff introduced to the defendant and her husband the person who afterwards became the lessee and took them to the office of an attorney who drew the lease. The judge "found that defendant employed plaintiff to procure a tenant," and found for the plaintiff in the amount claimed by him. *Held,* that

(1) By the finding "that defendant employed plaintiff to procure a tenant," the judge found specifically that the defendant personally employed the plaintiff to procure a tenant;

(2) There was evidence warranting both the specific and the general finding;

(3) Requests for rulings dealing with an issue, whether an employment of the plaintiff by the defendant's husband would bind the defendant, were rightly refused.

CONTRACT, with a declaration as amended upon an account annexed for $481 for "Services rendered in procuring tenant for building 339 Massachusetts Avenue, Boston." Writ in the Municipal Court of the City of Boston dated December 11, 1917.

Material evidence at the trial in the Municipal Court is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"3. The plaintiff is bound to prove, not merely that the defendant's husband assumed to act as her agent in employing plaintiff

as a broker, but that, if he did so, this was done with the full knowledge, consent and approval of defendant; and such knowledge, consent and approval must be shown by positive, affirmative evidence, and cannot be presumed or inferred from the mere fact that she accepted Thomas as lessee."

"5. Upon plaintiff's own testimony as to his employment, the only issue is whether he was in fact employed as broker by the plaintiff herself, personally. This claim is repugnant to the claim that he was employed by her husband, acting as her agent.

"6. If the legal title to the building stood in the name of the defendant, but she held it merely for the benefit of her husband, and he managed it and controlled it alone, and she paid over all income to him, and he paid the taxes and made the repairs, treating the property as his own, and she exercised no control over it and if he in fact employed plaintiff as broker without her knowledge, he did not do so as her agent, and she, the defendant, is not liable in this action."

The judge refused the rulings, "found that defendant employed plaintiff to procure a tenant," found for the plaintiff in the sum of $481, and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

The case was submitted on briefs.

*J. W. Pickering,* for the defendant.

*S. T. Lakson & G. Willinsky,* for the plaintiff.

CROSBY, J. This is an action to recover a broker's commission for procuring a tenant of a building in Boston, the title to which stood in the name of the defendant.

The defendant testified that she never met the plaintiff or spoke to him until the writ in this action was served upon her; that she signed a lease of the building to one Thomas on or about November 9, 1917. A copy of the lease produced by the plaintiff bearing her signature was identified by her.

The plaintiff testified that he was a real estate broker, that he "knew plaintiff and her husband . . . very well by sight . . . ; that one day, about three weeks before the lease was signed, he met them on the sidewalk near the building, and said to them: 'I hear you want to sell or let your building;' that he asked them if they would like to have him get a tenant, and the defendant replied: 'Yes, if my husband is willing.' "

There was evidence that the plaintiff introduced Thomas to the defendant's husband and took them to the office of an attorney who drew the lease. The defendant testified that no such conversation as testified to by the plaintiff ever took place and that she had no knowledge that he had anything to do with procuring Thomas as a tenant.

Upon this conflicting testimony it was the duty of the trial judge to find the facts. His finding is expressed in these words: "The court found that defendant employed plaintiff to procure a tenant." The defendant contends that this is a general finding in favor of the plaintiff, and not a special finding that the defendant herself personally employed the plaintiff; that she did not employ him through her husband acting as her agent; and that a finding would not have been warranted "that the defendant employed plaintiff as a broker, based upon any hiring or employment of plaintiff by defendant's husband," and that therefore the finding is ambiguous.

This contention is not tenable. We construe the language of the court as a specific finding that the defendant personally employed the plaintiff to procure a tenant; and it cannot be said as matter of law to have been without evidence to support it; if the judge believed the testimony of the plaintiff it was well warranted. If it is construed as a general finding, the result would be the same. The rulings requested were rightly refused.

*Order dismissing report affirmed.*